NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BIBI RAKHSANA HAYEE, | No. 11-17445 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02285-KJN |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding

Submitted June 11, 2013[**]
San Francisco, California

Before: TASHIMA and BYBEE, Circuit Judges, and STAFFORD, Senior District
Judge.[***]

Bibi Rukhsana Hayee appeals the district court's decision affirming the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable William H. Stafford, Jr., Senior District Judge for the U.S. District Court for the Northern District of Florida, sitting by designation.

Administrative Law Judge's ("ALJ") denial of her application for disability insurance benefits and supplemental security income. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's order.

We review de novo the district court's order affirming the ALJ's denial of benefits. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). We may reverse only if the ALJ's decision was based on legal error or was not supported by substantial evidence in the record as a whole. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving [any other] ambiguities" that might exist. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Because the factual and procedural background is familiar to the parties, we do not recount it here.

Hayee first argues that the ALJ erred at Step Two of the sequential analysis by failing to follow the "special technique" required by 20 C.F.R. § 404.1520a for evaluating mental impairments. Hayee admits that she did not raise this argument before the district court. As a general rule, this court does not consider issues that were not first raised before the district court. *Edlund*, 253 F.3d at 1158. Although this court has the discretion to make an exception to waiver in certain circumstances, we find no circumstances in this case that would justify such an

exception. Accordingly, we conclude that Hayee has waived her first issue on appeal.

Hayee next argues that the ALJ erred by failing to provide "clear and convincing" reasons for rejecting the opinion of Dr. Kalman, an examining psychiatrist who met with Hayee on only one occasion. The record, however, belies Hayee's argument in this regard. The ALJ well explained that she gave little weight to Dr. Kalman's report because it was not based on observation of Hayee over an extended period of time, was not supported by objective clinical testing, was not consistent with Hayee's own characterization of her condition, and was overly reliant on the less-than-credible statements of Hayee, who was described by Dr. Kalman himself as "a poor historian." Because the ALJ discounted Dr. Kalman's report based on specific, legitimate reasons that were supported by substantial evidence, we find no merit to Hayee's second argument on appeal. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) (noting that when an examining physician's opinion has been contradicted, an ALJ may reject it only by providing "specific and legitimate reasons that are supported by substantial evidence in the record").

Finally, Hayee argues that the ALJ's residual functional capacity ("RFC") finding was not based on substantial evidence. We disagree. The ALJ gave

specific and legitimate reasons, supported by substantial evidence, for finding Hayee to be "not entirely credible" about her symptoms and limitations, for giving little weight to Dr. Kalman's mental impairment assessment, for rejecting Dr. Tanson's functional capacity assessment, and for giving significant weight to the functional capacity assessment of Dr. Garfinkel, the only physician whose opinion was both consistent with the record evidence and supported by objective findings. Based largely on Dr. Garfinkel's assessment, the ALJ properly included in her RFC determination all of those limitations that she found to be credible and supported by substantial evidence.

**AFFIRMED.**